UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Letitia Mack, individually and on behalf of all others similarly situated,
Plaintiff,

vs.

Accelerated Servicing Group LLC, DNF Associates LLC, Brightwater Capital LLC and John Does 1-25.
Defendant(s)

No.: _

**CLASS ACTION COMPLAINT**

Plaintiff Letitia Mack ("Plaintiff"), by and through her attorneys, Brubaker Law Group PLLC, as and for her Complaint against Defendants Accelerated Servicing Group LLC (“Defendant ASG”), Defendant DNF Associates LLC (“Defendant DNF”), Defendant Brightwater Capital LLC (“Defendant Brightwater”) individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff’s counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Washington consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Washington, County of Clark, with an address of 706 NE 126th Street, Vancouver, WA 98685.

8. Defendant ASG is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 1840 Highland Dr., Tonawanda, New York 14150.

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

8. Upon information and belief, Defendant ASG is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant DNF is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and may be served with process upon the Cogency Global Inc., its registered agent for service of process, at 122 East 42nd Street,18th Floor, New York, New York, 10168.

10. Upon information and belief, Defendant DNF is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant Brightwater is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and may be served with process upon the Incorp Services, Inc., its registered agent for service of process, at 99 Washington Ave, Suite 805-A, Albany, New York 12210-2822.

12. Upon information and belief, Defendant Brightwater is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

13. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

14. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

a. all individuals with addresses in the State of Washington;

b. to whom Defendant ASG sent a collection letter attempting to collect a consumer debt;

c. that failed to properly identify and name the current creditor to whom the debt was allegedly owed;

d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

17. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692g.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

24. Some time prior to May 28, 2019, an obligation was allegedly incurred to Continental Finance/ Matrix by Plaintiff.

25. The Continental Finance/ Matrix obligation arose out of transactions in which money, property, insurance or services which are the subject of the transactions were primarily for personal, family or household purposes.

26. The alleged Continental Finance/ Matrix obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

27. Continental Finance/ Matrix is a "creditor" as defined by 15 U.S.C. §1692a(4).

28. Defendant Brightwater or Defendant DNF Associates LLC purportedly purchased the alleged Continental Finance/ Matrix debt.

29. Defendant ASG was contracted by either Defendant Brightwater or Defendant DNF Associates LLC to collect the alleged debt.

30. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – May 28, 2019 Collection Letter*

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

31. On or about May 28, 2019, Defendant ASG sent Plaintiff an initial collection letter (the "Letter") regarding the alleged debt currently owed. **See Exhibit A**.

32. This letter did not contain all the requirements of the ‘‘G Notice." Specifically, this letter deceptively fails to identify who the current creditor is to whom the alleged debt is owed.

33. The letter lists Defendant DNF Associates LLC as "Current Creditor."

34. Yet, the body of the Letter states:

"The above Continental Finance/ Matrix account has been placed in our office for collections by Brightwater Capital LLC, the owner of the account.

35. The Letter clearly contradicts itself and indicates two different, current creditors which is impossible and therefore there is no way for the consumer to identify who the current creditor is.

36. It is deceptive to not clearly state who the creditor is in any collection letter sent to a consumer.

37. Mere illusions are not enough, but the letter must specifically and clearly state who the creditor is.

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

38. Defendant has failed to provide the consumer with a proper initial communication letter by failing to clearly identify the original and current creditors of the debt.

39. As a result of Defendants' deceptive misleading and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.***

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. Defendant violated said section by:

a. Making a false and misleading representation in violation of §1692e(10).

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

44. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.***

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

47. Pursuant to 15 U.S.C. §1692g, a debt collector must notify the consumer of the name of the creditor to whom the debt is owed. §1692g(a)(2).

48. This notice must be clearly conveyed so that the consumer is clearly advised as to whom the alleged debt is owed.

49. Defendant violated this section by unfairly failing to advise Plaintiff as to the identity of the current creditor who was attempting to collect a debt from her.

**DEMAND FOR TRIAL BY JURY**

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Letitia Mack, individually and on behalf of all others similarly situated, demands judgment from Defendants ASG, Defendant Brightwater, Defendant DNF Convergent Outsourcing, Inc. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Michael Brubaker, Esq. as Class Counsel;
2. Awarding Plaintiff and the Class statutory damages;
3. Awarding Plaintiff and the Class actual damages;
4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;
5. Awarding pre-judgment interest and post-judgment interest; and
6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

DATED this 7th day of May, 2020.

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

Respectfully submitted,
By: _/s Michael Brubaker
Michael Brubaker, WSBA #49804
Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

COMPLAINT 14
Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com